Case 1:19-cr-00556-CBA Document 37 Filed 01/11/21 Page 1 of 2 PageID #: 144

Clerk's Office
Filed Date: 1/11/2021
4:47 PM
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SK:DEL
F. #2019R01327

271 Cadman Plaza East
Brooklyn, New York 11201

January 8, 2021

By ECF and Email

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Richard Palmer
          <u>Criminal Docket No. 19-556 (S-1) (CBA)</u>

Dear Judge Amon:

    The government respectfully submits this letter to ensure that time remains excluded until February 25, 2021, under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, despite the filing of a superseding indictment, which moots the defendant Richard Palmer's pretrial motion and one of the Court's bases for excluding time. However, as explained more fully below, the Court's alternate basis—that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial—remains an appropriate reason to exclude time until the next status conference on February 25, 2021. Counsel for the defendant consents to the exclusion until February 25, 2021.

*[Handwritten annotation:] Counsel for the defendant is to confirm by letter that she in fact consents to the exclusion of time. On the assumption that there is no objection, time is excluded in the interests of justice based upon the Jencks and plea negotiations. SO ORDERED.*

*1/8/21  s/Carol Bagley Amon*

    On November 22, 2019, the grand jury returned an indictment charging Palmer with the following crimes: Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251 (Count One); Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) (Counts Two through Eight); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) (Count Nine). <u>See</u> ECF No. 6.

    On December 22, 2020, at the last status conference, defense counsel made an oral motion to dismiss the charge of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251 (previously Count One). Defense counsel also stated Palmer may move to suppress his post-arrest statements. The Court then set a briefing schedule on the motion to dismiss Count One, with the defense motion due on February 4, 2021; the government's opposition due February 18, 2021; and oral argument scheduled for February 25, 2021. Trial is scheduled for May 3, 2021. The Court entered an order of excludable delay until February 25, 2021, in light of the pretrial motion and because the ends of justice outweighed the best

interest of the public and the defendant in a speedy trial.  See ECF Nos. 33 (order to continue) and 34 (transcript of December 22, 2020 status conference).

Earlier today, on January 8, 2021, Palmer was charged in a ten-count superseding indictment, which made the following changes to the original indictment:  (1) it changes the charge in Count One from Sexual Exploitation of a Child to Coercion and Enticement of a Child, in violation of 18 U.S.C. § 2422(b); (2) it adds a charge of Offense by a Registered Sex Offender, in violation of 18 U.S.C. § 2260A, as Count Two, and (3) it adds prior felony information to Counts Three through Ten.  See ECF No. 35.

In light of the superseding indictment, the defense's oral motion to dismiss the charge of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251 (previously Count One), is now moot and no longer serves as a reason to exclude time under the Speedy Trial Act.  However, the Court's finding concerning the ends of justice remains an appropriate basis to exclude time.  In this case, the government has produced significant discovery, including thousands of text messages from the defendant.  The exclusion of time will permit the review of discovery in light of the new charges.  The exclusion will also permit the parties to engage in plea negotiations in light of the new charges, for defense counsel to explain the new charges to her client, and for the parties to prepare for trial.

For the foregoing reasons, the government respectfully suggests the Court's finding that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial remains an appropriate reason to exclude time until the next status conference on February 25, 2021.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:   /s/ Devon Lash
      Devon Lash
      Andrew Wenzel
      Assistant U.S. Attorneys
      (718) 254-7000